UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| -v.- : | 11 Cr. 470 (GBD) |
| ROQUE IRIZARRY, : | |
| Defendant. : | |

----------------------------------------------------------------x

THE GOVERNMENT'S SENTENCING SUBMISSION

 

PREET BHARARA
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Alvin Bragg
Assistant United States Attorney
- Of Counsel -

The defendant is scheduled to be sentenced in the above-referenced case on April 26, 2012. The Government respectfully files this submission in advance of the sentencing, and in response to defense counsel's sentencing submission, in which defense counsel asks the Court to impose a sentence of eighteen months' imprisonment. The Government respectfully requests that the Court impose a sentence within the Guidelines range of 46 to 57 months' imprisonment.[1] Such a sentence would be sufficient but not greater than necessary to serve the purposes of sentencing, as it would reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, protect the public from further crimes of the defendant, and afford adequate deterrence to criminal conduct.

## BACKGROUND

A.   The Indictment and The Offense Conduct

The defendant coordinated two heroin transactions for a cooperating witness ("CW"). In September 2010 and again in November 2010, the defendant and the CW obtained heroin from Irizarry's co-defendant, Venture Payano, and sold it to the CW. (Presentence Investigation Report ("PSR") ¶¶ 8-12.) In September, Irizarry agreed to sell the CW 60 grams of heroin and, in November, he agreed to sell the CW 65 grams of heroin. (Id. ¶¶ 10, 11.) As a result of this conduct, the defendant was charged in a one-count Indictment with conspiring to distribute at least 100 grams of heroin, in violation of 21 U.S.C. Sections 846 and 841(b)(1)(B). Notwithstanding that his conduct involved an agreement to distribute more than 100 grams, the Government extended the defendant a plea agreement under which the Government accepted a

---

[1] The Probation Office recommends a sentence of 46 months' imprisonment.

1

guilty plea to the lesser included offense of conspiracy to distribute less than 100 grams of heroin.

B.      **The Presentence Investigation Report and Guidelines Calculation**

The United States Probation Office (the "Probation Office") calculated a total offense level of 26.  (PSR ¶ 28.)  The base offense level is 23, because the offense involved an agreement to distribute at least 100 grams but less than 400 grams of heroin, and the base offense level is reduced by three levels because of the defendant's acceptance of responsibility.  (Id. ¶¶ 19, 25.)

The Probation Office also determined that the defendant has one criminal history point and is in Criminal History Category I.  (PSR ¶ 40.)  The defendant's criminal history point arises from a narcotics conviction in this District in 2006.  (Id. ¶ 32.)  The PSR states that the defendant conspired to distribute 8.745 kilograms of marijuana.[2]  (Id. ¶ 37.)  Notwithstanding that his Guidelines range likely called for incarceration, Irizarry was sentenced to two years of probation, with a special condition of two months' confinement in a community center, and 160 hours of community service.[3]  (Id. ¶ 32.)

---

[2] The 2006 Guidelines provided that the base offense level for 8.745 kilograms of marijuana was 14.  The defendant pled guilty, so presumably his offense level was reduced by two points.  (PSR ¶ 37.)  According to the PSR, no role adjustments were warranted for Irizarry's participation in the conspiracy, (id.), so presumably Irizarry's final offense level was 12.  With an offense level of 12 and a Criminal History Category of I, the Guidelines range would have been 10 to 16 months' imprisonment.

[3] The defendant also has two arrests for aggravated unlicensed operation of a motor vehicle.  (PSR ¶¶ 41 - 44.)  These arrests were in 2006 and 2008.  (Id.)  The Probation Office does not know the resolution, if any, of these cases.  (Id. ¶ 41, 43.)  The PSR notes that, at the time of these arrests, "the defendant was operating luxury motor vehicles" (i.e., a 1999 BMW and a 2007 Audi), and it is unclear who owned these vehicles.  (Id. ¶ 68.)

Based upon an offense level of 23 and a Criminal History Category of I, the Probation Office arrived at a Guidelines range of 46 to 57 months' imprisonment. This range – and the underlying calculations – are the same as what is set forth in the defendant's plea agreement.

## DISCUSSION

**A.     Applicable Law**

The United States Sentencing Guidelines still provide strong guidance to the Court following United States v. Booker, 543 U.S. 220 (2005), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). Although Booker held that the Guidelines are no longer mandatory, it also held that the Guidelines remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. Booker, 543 U.S. at 264. As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range" — that "should be the starting point and the initial benchmark." Gall v. United States, 552 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (i) "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); (ii) the four legitimate purposes of sentencing (which are described below), see id. § 3553(a)(2); (iii) "the kinds of sentences available," id. § 3553(a)(3); (iv) the Guidelines range itself, see id. § 3553(a)(4); (v) any relevant policy statement by the Sentencing Commission, see id. § 3553(a)(5); (vi) "the need to avoid unwarranted sentence disparities among defendants," id.

§ 3553(a)(6); and (vii) "the need to provide restitution to any victims," id. § 3553(a)(7).  See

Gall, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

>   (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>   (B)   to afford adequate deterrence to criminal conduct;
>
>   (C)   to protect the public from further crimes of the defendant; and
>
>   (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

**B.    A Guidelines Range Sentence Is Appropriate**

The defendant's sentencing submission argues that the defendant should receive a sentence of eighteen months' imprisonment, which is substantially below the bottom of the Guidelines range of 46 to 57 months.  The defendant's submission focuses principally on the risk of recidivism.  Based upon various studies, it claims that the defendant is unlikely to be a recidivist, because he previously maintained stable employment, has a supportive family, and is charged with a non-violent crime.  What the submission fails to take into account is that the defendant already is a recidivist.  As the PSR points out, "Irizarry has two federal convictions within a six-year period, all before the age of 26."  (PSR at 20.)  Further, he was arrested on two other occasions in 2006 and 2008 while driving luxury cars that it does not appear that he could afford based upon his earnings as a barber.  Yet, prior to his 2005 marijuana conspiracy

4

conviction and his arrests in 2006 and 2008, the defendant appears to have had stable employment and supportive family relationships – the very same positive circumstances that the defense now claims are evidence that he will not become a recidivist.  Quite simply, the defendant's own conduct disproves the studies that the defense cites.

The Government respectfully suggests that, based upon the defendant's prior criminal conduct, a Guidelines sentence is warranted to deter him from further criminal conduct and to protect the public from further crimes of the defendant, as well as to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence on the defendant within the applicable Guidelines range of 46 to 57 months' imprisonment, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____/s/_____
Alvin Bragg
Assistant United States Attorney
Tel.: (212) 637-1085